OPINION of the Court, by
Ch. J. Boyxb.
—
This was an action of debt upon an obligation for the payment of money.
The defendant appeared and pleaded, 1st, payment; Sdly, a setoff. And issues being thereupon joined, the cause was continued until the next term of the court; when the defendant failing to appear, judgment was taken against Mm by default, and a writ of inquiry awarded, which being executed á final judgment was entered for the plaintiff. To reverse which, the defendant prosecutes this writ of. error with supersedeas.
The errors assigned question the correctness of taking judgment by default, and awarding a writ of inquiry, when issues were joined in the cause.
Where the defendant pleads a negative plea upon which issued is joined, it ⅛ no doubt erroneous to take judgment by default, or to swear the jury to inquire of damages. It was accordingly so ruled by tMs Court in the case of Williams vs. Cheek (Pr. Dec. 76.)
*342 But the law appears to be well settled, if the defendant pleads an affirmative, plea, and afterwards makes default, that judgment may be given against him for the default. As in an action of debt, if the defendant pleads an acquittance or release, and after makes defauP, judgment shall be entered upon the default, because the duty is acknowledged — (7 Ven. Abr. 475.) So in replevin, if the defendant avows, and afterwards makes default, judgment shall be thereupon given for damages ; because the taking and detention are acknowledged — (lb.)
In this case both the pleas of the defendant in the court below are in the affirmative, They admit the obligation on which the action is founded, hut contain matter in discharge of it.
It was incumbent, therefore, on the defendant to have sustained his pleas by proof, and not having appeared for that purpose on the day given him by the court, it was strictly correct to enter judgment against him for his default. — —Judgment affirmed.