Judge Mills
delivered tbe opinion.
This is a summons and petition. The petition was demurred to, and the demnrrer was overruled by the court below. The only objection perceived, to the petition, is the name of the defendant in error is written in the first part of the petition 41Josiahf and in tbe note recited in the petition '•'Josier.‘,, It is contended that the note recited does not appear to be the note ef the person suing. The *493 plaintiff in error pleaded three pleas in bar — one of payment and two of usury. The defendant replied, traversing these pleas, and issues were joined and th cause continued. At a subsequent term, the plaintifi in error made default, and be court thereupon rendered judgment against him, without empannehing a jurv to try the issues. As the plaintiff in error held the ailii(native of all these issues, and did not appear to substantiate them, it was perfectly regular to render judgment by default against him, without regarding his pleas Milner vs. Miller. 4 Bibb, 341.
A deft holding1 the ¿f-firmtvive of the is9iK ,fail-"•gtO appear, judgment by d fnj(. is prr-pcrit rtn-<le«ed. apú; &t him
A defeat’s n«v.i.e in a , note spelt, as it is vulgarly pronounced, is no misno*.
As to the variation in the names stated in the note and that by which the plaintiff has sued, it is so slight as to be barely perceptible to the ear, and one is the vulgar mode of pronouncing ihe other, so that a person whose orthography was inaccurate, and who was illiterate, might easily write one for the other. And on general demurrer it ought not to be fatal: 1 New York t erm Rep. 362.
Judgment affirmed with damages and costs.